## 17713

Isaac Jakie WATSON, Individually and as administrator of the estate of Susan Davis Watson, and Samuel Dewey Watson, Appellants, v. Virgil WATSON, individually and as administrator of the estate of Susan Davis Watson, J. Clyde Watson, Edith Watson and Beverly Watson Anderson, Respondents.

(117 S. E. (2d) 145)

*Messrs. Leppard & Leppard,* of Chesterfield, *for Appellants.*

*H. F. Bell, Esq.,* of Chesterfield, *for the Respondent, Edith Watson,*

November 14, 1960.

TAYLOR, Justice.

The complaint in this appeal alleges a cause of action for partition in kind of the estate lands of Susan Davis Watson, the plaintiffs and the defendants being the administrators and all of the sole surviving heirs at law, distributees and next of kin of the said Susan Davis Watson.

The answers of the defendants, J. Clyde Watson, Virgil Watson and Beverly Watson Anderson seek to have a portion of the estate property partitioned in kind and a portion sold at public auction and the proceeds divided among the parties.

The answer of defendant, Edith Watson, after settling forth that a portion of the estate property should be partitioned in kind and a portion sold at public sale and the proceeds of the sale divided among the parties, contained a

counterclaim or cross action for services rendered the deceased, Susan Davis Watson, during her lifetime.

Plaintiffs by way of reply filed demurrer to the counterclaim, the pertinent parts being:

"1. That the counterclaim contained in the answer of the defendant, Edith Watson, does not exist in favor of the defendant, Edith Watson, against the plaintiffs between whom a several judgment might be had in this action.

"2. That the counterclaim contained in the answer of the defendant, Edith Watson, did not arise out of the contract or transaction set forth in the complaint as a foundation of plaintiffs' claim or connected with the subject of the action.

"3. That it appears on the face of the complaint and the answer of the defendant, Edith Watson, to permit the alleged counterclaim and cross complaint of the defendant, Edith Watson, would be permitting the improper uniting of several causes of action.

"4. That the counterclaim contained in the answer of the defendant, Edith Watson, does not state facts sufficient to constitute a cause of action for the reason that Section 19-554 of the Code of Laws of South Carolina, 1952, provides that no action shall be commenced against any executor or administrator for the recovery of the debts due by the testator or intestate until six months after said testator's or intestate's death, and upon the further ground that the said counerclaim does not allege that the defendant, Edith Watson, has filed and proved the alleged claim in said counterclaim in accordance with Sections 19-473 and 19-474 of the Code of Laws or South Carolina, 1952, and upon the further ground that the alleged claim of the defendant, Edith Watson, in said counterclaim, has not been passed upon by the duly qualified executors of the Estate of Susan Davis Watson and that the time for the ascertainment of the debts of the estate has not expired in accordance with Section 19-473 of the Code of Laws of South Carolina, 1952.

"5. That the Court does not have jurisdiction of the subject of the action alleged in the counterclaim contained in

the answer of the defendant, Edith Watson, for the reason that Section 19-554 of the Code of Laws of South Carolina, 1952, provides that no action shall be commenced against any executor or administrator for the recovery of the debt due by the testator or intestate until six months after said testator's or intestate's death, and upon the further ground that the said counterclaim does not allege that the defendant, Edith Watson, has filed and proven the alleged claim in said counterclaim in accordance with Sections 19-473 and 19-474 of the Code of Laws of South Carolina, 1952, and upon the further ground that the alleged claim of the defendant, Edith Watson, in said counterclaim, has not been passed upon by the duly qualified executors of the estate of Susan Davis Watson and that the time for the ascertainment of the debts of the estate has not expired in accordance with Section 19-473 of the Code of Laws of South Carolina, 1952.

"6. That there is a defect of parties as appears upon the face of the counterclaim in the answer of the defendant, Edith Watson, in that the subject of the alleged counterclaim of the defendant, Edith Watson, is a claim for services rendered for Susan Davis Watson and therefore is only maintainable against the personal representatives of the estate of Susan Davis Watson and is not maintainable against the individual heirs of the estate of Susan Davis Watson."

Motion was also made to strike the counterclaim and this motion was refused by the Hearing Judge.

Section 10-703, Code of Laws of South Carolina, 1952, provides:

"The counterclaim mentioned in § 10-652 must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action and arising out of one of the following causes of action:

"(1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action; or

"(2) In an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action."

The counterclaim under consideration does not fall within the provisions of the foregoing section of the Code and may not, therefore, be filed by one of the heirs for services rendered the decedent in a partition action.

The further question of whether or not the counterclaim was prematurely filed in violation of the provisions of Sec. 19-554, Code of Laws of South Carolina, 1952, which provides that no action shall be commenced against any executor or administrator for the recovery of the debts due by the testator or intestate until six months after such testator's or intestate's death is now moot in that six months have expired.

For the foregoing reasons, we are of opinion that the Order appealed from must be reversed and the demurrer sustained; and it is so ordered. Reversed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.